IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01170–WJM–KMT

LIBERTY MEDIA HOLDINGS, LLC,

    Plaintiff,

v.

COLORADO MEMBERS OF SWARM OF NOVEMBER 19, 2010 TO DECEMBER 11, 2011,
SHARING HASH FILE A3E6F65F2E3D672400A5908F64ED55B66A0880B8, and
DOES 1 THROUGH 4,

    Defendants.

## ORDER

This matter is before the court on "Plaintiff's *Ex Parte* Motion for Early Discovery" (Doc. No. 4, filed May 4, 2011). In this copyright infringement case, Plaintiff alleges the unknown John Doe defendants duplicated and distributed unauthorized and infringing copies of Plaintiff's motion picture "Down on the Farm." Plaintiff seeks an order from this court authorizing it to conduct discovery before the parties have conferred pursuant to Fed. R. Civ. P. 26(f) for purposes of identifying the John Doe defendants.

First, as a general rule, the use of "John Doe" or other fictitious names to identify a defendant is not favored. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) (internal citation omitted). However, circumstances do arise "where the identity of alleged defendants will not be known prior to the filing of a complaint." *Id.* In such circumstances, the plaintiff

should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Id.* (internal citations omitted); *see also Tracfone Wireless, Inc.*, 642 F. Supp. 2d 1354, 1361 (S.D. Fla. 2009).

Plaintiff states it has obtained the IP addresses assigned to the individual defendants; however, Plaintiff can only further identify the infringers by way of further investigation. As such, the Plaintiff intends to subpoena the Internet Service Providers (ISPs) responsible for assigning each IP in order to determine the identity of the Internet subscriber who was assigned the corresponding IP address on the date and time of the alleged infringement. As such, Plaintiff seeks an order from this court permitting it to conduct formal discovery, pursuant to Fed. R. Civ. P. 45, into the Defendant's identities. The information which Plaintiff will be requesting in the subpoenas issued to the ISPs is governed by 47 U.S.C. § 551, which prohibits cable operators from disclosing personally identifiable information pertaining to subscribers without the subscriber's express consent unless there is "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B).

Federal Rule of Civil Procedure 26(d) generally provides that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). However, Rule 26(d) goes on to explain that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order." Fed. R. Civ. P. 26(d); *Arista Records, LLC v.*

*John Does 1–19,* 551 F. Supp. 2d 1, 6 (D.D.C. 2008).  In this district, courts have permitted such expedited discovery upon a showing of good cause.  *See Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.,* 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,* 202 F.R.D. 612, 614 (D. Ariz. 2001)) (finding good cause exists for expedited discovery in cases involving infringement and unfair competition).

      The court finds that good cause exists to permit Plaintiff to conduct expedited discovery to discover the identities of the John Doe defendants.  Indeed, this case is largely analogous to *Arista Records,* where the court permitted expedited discovery to identify defendants allegedly engaged in copyright infringement by downloading and distributing the plaintiffs' recordings using an "online media distribution system."  551 F. Supp. 2d at 3.  There the court found that the plaintiffs had set forth good cause for expedited discovery because the "[d]efendants must be identified before this suit can progress further."  *Id.* at 6.  Much like the *Arista Records* defendants, Defendants here have engaged in anonymous online behavior, which will likely remain anonymous unless Plaintiff is able to ascertain their identities.  And thus far, Plaintiff has been unsuccessful in its attempts to ascertain the defendants' identities through informal, pre-lawsuit investigation.  Because it appears likely that Plaintiff will continue to be thwarted in its attempts to identify the John Doe defendants without the benefit of formal discovery mechanisms, the court finds that Plaintiff should be permitted to conduct expedited discovery, pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identities of the John Doe defendants.

Accordingly, it is

**ORDERED** that "Plaintiff's *Ex Parte* Motion for Early Discovery" (Doc. No. 4) is **GRANTED**. Plaintiff is authorized to conduct discovery, pursuant to Fed. R. Civ. P. 45, prior to the Fed R. Civ. P. 26(f) conference, for the limited purpose of discovering the identities of the John Doe defendants.

Dated this 12th day of May, 2011.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge