## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-1170-RBJ-KMT

LIBERTY MEDIA HOLDINGS, LLC

Plaintiff,

      vs.

COLORADO MEMBERS OF SWARM
OF NOVEMBER 19, 2010 TO DECEMBER 11, 2010,
SHARING HASH FILE
A3E6F65F2E3D672400A5908F64ED55B66A0880B8;
AND COMPRISING JOHN DOE 1, JARRED KAMARAUSKAS
AARON KOONTZ, DANIEL HYATT AND DOES 5 through 7,

Defendants.

---

## PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE

---

COMES NOW the Plaintiff, Liberty Media Holdings, LLC through counsel Contiguglia / Fazzone, P.C. by Andrew J. Contiguglia, and hereby moves this Honorable Court for an Order allowing for alternative service of Defendant Aaron Koontz through publication pursuant to Fed. R. Civ. P. 4(e)(1) and C.R.C.P. Rule 4(g)(1). As grounds thereto, the Plaintiff states and avers as follows:

## I. INTRODUCTION

The Plaintiff, Liberty Media Holdings (hereinafter "Liberty") is the victim of a widespread campaign by individual and corporate copyright infringers. The Defendants in this action have all targeted Liberty's copyrighted motion pictures.

Liberty filed the present copyright infringement suit on or about May 2, 2011, against four (4) Doe Defendants ("Does" or "Defendants"), each of whom were identified solely by their Internet protocol ("IP") address and the date and time of infringement. In parallel with this suit, Liberty also filed *Liberty Media Holdings, LLC v. Does 1–14, et al.*, 1:11-cv-1171-WYD-KMT (the "AE3 Swarm"), which contained similar allegations against a separate BitTorrent Swarm infringing the same copyrighted work.  A similar Motion for Alternative Service is being filed concurrently herewith in the AE3 Swarm litigation.

Shortly after the complaint was filed, Liberty moved for early discovery to subpoena the relevant subscriber records from the Doe's Internet services providers ("ISPs"), so as to uncover their identities. The Court granted this motion for early discovery on May 12, 2011 and Liberty diligently served subpoenas on the ISPs within the week. Under the terms of the Court Order authorizing early discovery, the ISPs were given 21 days to comply with the notice provision contained in 47 U.S.C. § 551 (c)(2)(B) and to respond to the subpoena.

As part of this Honorable Court's May 12, 2011 Order, it allowed a limited amount of discovery to be conducted in order ascertain the appropriate identities of potential Doe defendants.  Specifically, this Court authorized Plaintiff "to conduct discovery, pursuant to Fed. R. Civ. P. 45, prior to the Fed R. Civ. P. 26(f) conference, for the limited purpose of discovering the identities of the John Doe defendants." (Docket #10).

The individuals who have been identified, Liberty Media has commenced meaningful settlement negotiations in an attempt to settle the claims contained within the Complaint in an effort to keep costs down and promote judicial economy. In addition, of the remaining Doe defendants, many ignored Plaintiff's requests and settlement attempts, while other demands were

returned. This further delayed service in this action leading the Plaintiff to exercise the expensive endeavor of depositions, an avenue it sought to limit.

This Honorable Court originally granted a first extension of time up to and including November 8, 2011 for service of process to be concluded pursuant to F.R.C.P. Rule 4.  This Honorable Court granted a second enlargement of time up to and including January 9, 2012.  As part of the grounds for the request for the second enlargement of time, Plaintiff exercised its rights to pre-trial discovery and depositions, as authorized by this Honorable Court's May 21, 2011 Order.

Since the second order for enlargement of time, plaintiff attempted to depose the four John Does listed in its Complaint.  However, service could not be completed at the addresses plaintiff had based on information received by ISPs. Attempts to serve these Doe defendants were unsuccessful.

Plaintiff requested and was granted up to and including March 9, 2012 to effectuate service pursuant to F.R.C.P. Rule 4.  Plaintiff used the additional time to complete its good-faith investigation to identify and serve the appropriate parties, with whom a Scheduling Conference could be held.  Plaintiff is also completed a public records search of the addresses it has obtained through Internet Service Providers in order to satisfy its requirements of due diligence and good faith before moving forward with the amending of the Complaint and service of a summons on the identified Does.

On February 24, 2012, Plaintiff amended its Complaint to include the actual names of the infringers identified by its investigation and due diligence.  It also dismissed certain Doe defendants who it was not satisfied were the proper parties in the action or with whom it had settled its dispute. Summonses were requested at that time and Service of Process was

undertaken to achieve the necessary service by the previous extended time of March 9, 2012. While service of most of the Summons was completed, a few defendants remained without service being accomplished. Specifically, Aaron Koontz remains without service being finalized. To the extent necessary, Plaintiff respectfully requests this Honorable Court extend the time for service of process pursuant to Fed. R. of C.P. Rule 4 and to accomplish this.

## II.    LEGAL ARGUMENT

Fed. R. of C.P. Rule 4(e)(1) allows for service of process by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located. C.R.C.P. 4(g) allows for service of process by publication. Plaintiff has made numerous attempts to serve these specific defendants to no avail. The specifics as to the efforts made to complete service of process are detailed below.

### SERVICE ATTEMPTS AS TO AARON KOONTZ

On or about December 8, 2011, Plaintiff's private process server made several attempts to contact Aaron Koontz at his address in Denver, CO for service of a Subpoena for a pre-trial discovery deposition. Comments specific to the service attempt made by the process server state:

> **Original Service Address:** AARON KOONTZ, 1235 S. BELLAIRE ST., UNIT 107, DENVER, Denver County, CO 80246; **Latest Status:** 12/7/2011 12:30 pm  SERVICE ATTEMPTED. THE ADDRESS SUPPLIED IS A SECURE BLDG WITH NO WORKING DIRECTORY. NO RESPONSE AT THE UNIT.

On or about January 4, 2012, Plaintiff's private process server made several more attempts to contact Aaron Koontz at his address in Denver, CO for service of a Subpoena for a pre-trial discovery deposition. Comments specific to the service attempt made by the process server state:

**Original Service Address:** AARON KOONTZ, 1235 S. BELLAIRE ST., UNIT 107, DENVER, Denver County, CO 80246;   **Service Details:** NON-SERVED the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION for the reason that I failed to find AARON KOONTZ or any information to allow further search. Read the comments below for further details; **Comments for Affidavit:** MULTIPLE SERVICE ATTEMPTS MADE AT THE HOME ADDRESS SUPPLIED. SERVER UNABLE TO MAKE CONTACT WITH WITNESS PRIOR TO SERVICE DEADLINE.

On February 23, 2012, a property records search was completed confirming the address of Aaron Koontz, 1235 S. BELLAIRE ST., UNIT 107, DENVER, Denver County, CO 80246 and an alternative address of 1284 S. Elizabeth Street, Denver CO 80210-2004.

On February 28, 2012, Plaintiff's private process server made several attempts to contact Aaron Koontz at his alternative address in Denver, CO for service of a Summons, Amended Complaint and other related documents. Comments specific to the service attempt made by the process server state:

**Original Service Address:** AARON KOONTZ, 1284 S. ELIZABETH ST., DENVER, Denver County, CO 80210; **Latest Status: 2/28/2012 4:45 pm**  SERVICE ATTEMPTED. SERVER MET WITH AQDULT FEMALE WHO WOULD ONLY IDENTIFY HER LAST NAME AS JONES. JONES CLAIMS NO KNOWLEDGE OF KOONTZ. SUGGEST SKIP TRACE. PLEASE ADVISE.

On that same day, the process server sent out postal traces to find out where Aaron Koontz might be living. To date, no data has been received to confirm or deny the currently revealed address.

Plaintiff asserts that is has made reasonable attempts and due diligence has been used to procure service on Aaron Koontz.  Based on the information provided, it is apparent Mr. Koontz either is making efforts to avoid personal service or he cannot be found and that any additional efforts to secure service of the Summons and Amended Complaint will be to no avail.  Attached and incorporated herein by reference is the Declaration of Andrew J. Contiguglia supporting the claims made in this Motion and the attempts made to acquire service on Mr. Koontz.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant its request for alternative service, and for such and further relief as this Court deems just and proper in the matter.

Dated this 17th day of March, 2012

> By: /s/ Andrew J. Contiguglia
> Andrew J. Contiguglia, Esq.
> CONTIGUGLIA / FAZZONE, P.C.
> 44 Cook Street
> Suite 100
> Denver, CO  80206

## CERTIFICATE OF FILING AND NON-SERVICE

I hereby certify that the foregoing document was filed electronically using this Court's CM/ECF system on March 17, 2012. As service has been unable to be completed against Aaron Koontz, Plaintiff is unable to serve them.

> By: /s/ Andrew J. Contiguglia
> Andrew J. Contiguglia, Esq.
> CONTIGUGLIA / FAZZONE, P.C.
> 44 Cook Street
> Suite 100
> Denver, CO  80206